**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASON WHITE,

Plaintiff,

     vs.                                     No. CIV 07 00491 WPJ/DJS

A.J. SEDLER, J.B. YARA,
DAVID HINSON, and
CITY OF ALBUQUERQUE,

Defendants.

## ORDER ON MOTIONS IN LIMINE

THIS MATTER comes before the Court following a motions hearing at which the Court made findings and ruled on the following motions:

- Defendants' Motion to Exclude Testimony of Melvin Tucker, filed May 19, 2008 (**Doc. 37**);

- Plaintiff's Motion for Daubert[1] hearing, filed June 19, 2008 (**Doc. 44**);

- Plaintiff's Consolidated Motion in Limine, filed June 19, 2008 (**Doc. 43**); and

- Defendants' Motion in Limine to Exclude Evidence of Other Cases and Claims, filed January 9, 2009 (**Doc. 63**).

**I.    Defendants' Motion to Exclude Testimony of Melvin Tucker (Doc. 37).**

The Court ruled that Mr. Tucker's opinion does not meet Daubert standards for reasons stated on the record. The Court noted that Mr. Tucker's opinion is unreliable where here it is based on Plaintiff's version of the facts and relies on model police procedures instead of the "totality of the circumstances" standard required under the Fourth Amendment. See Doc. 45-3, ¶ 14 (Tucker's Expert Opinion).

---

[1] See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993).

Mr. Tucker's expert opinion is premised on substituting an analysis of standard police procedures for the Fourth Amendment inquiry, the latter of which is the only acceptable standard against which to measure the individual Defendant officer's conduct.  The violation of departmental policy, standard police operating procedures, or police training during the use of force incident is insufficient to support a finding that an officer used excessive force. Tanberg v. Sholtis, 401 F.3d 1151, 1167 (l0th Cir. 2005) ("[e]ven if [the defendant officer] violated the SOPs, this violation would not create a violation of a clearly established constitutional right ex nihilo."); Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001) (citations omitted) ("[w]e have, of course, recognized that claims based on violations of state law and police procedure are not actionable under § 1983"); Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995)(citation omitted) (the "violation of a police department regulation is insufficient for liability under section 1983"); Romero v. Board of County Cornr's of County Lake, State of Colo., 60 F.3d 702, 704 (l0th Cir. 1995), cert. denied, 516 U.S. 1073 (1996) (citations omitted) ("violations of state law and police procedure generally do not give rise to a § 1983 claim").[2]  Also,  the Fourth Amendment "does not require [police] to use the least intrusive means in the course of a detention, only reasonable ones." United States v. Melendez-Garcia, 28 F.3d 1046, 1052 (10th Cir. 1994).   Thus, the Defendants' failure to use lesser force may not have been unreasonable under the totality of the circumstances in this case – a decision the jury must make after hearing all the evidence.

Further, relevant case law does *not* hold that standard police procedure is a substitute for

---

[2]  For support, Defendant attaches cites to Judge Armijo's MOO in L'Esperance et al v. Mings et al, Civil 02-258, Doc. 38, filed 5/19/08, granting defendant's Daubert motion to exclude plaintiffs' police procedures expert report (attached as Deft's Ex. B).

the peer review, or for the methodology testing required to pass Daubert standards. The Court notes that expert testimony on police procedures *is* relevant and admissible with respect to municipal liability claims, but that this case does not include such a claim.[3]

The reasons for excluding Mr. Tucker's opinion on the reasonableness of the initial stop and detention are the same for excluding Mr. Tucker's opinion regarding the Defendant Officers' investigation into an outstanding bench warrant, because the opinion is based on what is required under standard police protocol. See Doc. 45-2 at 3. In addition to finding Mr. Tucker's testimony unreliable under Daubert, I also find that it would not be helpful to the jury. Mr. Tucker's focus on the warrant is misplaced because it is only one factor in the "totality of the circumstances" inquiry. Officer Sedler had reason enough to detain Plaintiff without the existence of the warrant in question.[4] Even if Officer Sedler had never run Plaintiff's name through a computer data-base and discovered a warrant for a "Jason White," he still had an obligation to search for Plaintiff for the purpose of detaining him to question him about his presence at the Diamond Shamrock.

At the hearing, the Court agreed with Defendant's argument that Mr. Tucker's opinion was unreliable because he based his opinion solely on Plaintiff's version of the facts, Mr. Tucker made credibility determinations, which should be left to the jury. For example, Mr. Tucker

---

[3] The Court denied Plaintiff's motion to amend, based on a lack of good cause for the delay in filing the motion and prejudice to Defendants in having to incur additional cost, inconvenience and resultant delay in defending the claim at this stage in the litigation. Doc. 60.

[4] The Court's findings are made from the vantage point of having reviewed and considered all relevant evidence offered by the parties in the briefing of Defendant's summary judgment motion. Even assuming Mr. Tucker's opinion did not suffer from Daubert reliability flaws, it would still offer nothing that would persuade a reasonable juror that the Defendant Officers did not have sufficient reason to stop and detain Plaintiff without the existence of the warrant.

assumes that Plaintiff was cooperating with the officers and was only "passively resisting." The report does not leave any room for a juror to find that Plaintiff was belligerent, abusive or actively resisting arrest. The report contains an even more egregious omission in that it fails to take into account the familiarity which police had with Mr. White over time. This is extremely relevant to the reasons and the manner in which the officers responded to the 911 call from Diamond Shamrock. Plaintiff erroneously assumes that the facts on which Mr. Tucker's opinion is based can be changed. Mr. Tucker cannot switch factual scenarios, or add different facts into the mix, and still argue that the same opinion is valid under Daubert.

At the hearing, the Court stated that it would analyze Mr. Tucker's opinion to determine whether any of his opinion is not based on either standard police protocol or Plaintiff's version of the facts. After additional review of Mr. Tucker's testimony, I see no portion of Mr. Tucker's testimony which can be salvaged and which would remain reliable under Daubert.

Accordingly, for reasons stated on the record at the hearing as well as for reasons stated herein, Defendants' Motion to Exclude Testimony of Melvin Tucker **(Doc. 37)** is GRANTED.

**II.     Plaintiff's Motion for Daubert Hearing Regarding Dr. Vilke's Testimony (Doc. 44)**

For reasons stated on the record, the Court ruled that Dr. Vilke was qualified to give an opinion regarding the physiological effects of Taser use, that Dr. Vilke's opinion was reliable under Daubert and that it would be helpful to the jury in assessing Plaintiff's claims. Thus, Plaintiff's motion is DENIED.

**III.    Plaintiff's Consolidated Motion in Limine (Doc. 43)**

This motion consisted of five categories. The Court ruled that the motion was DENIED with regard to reference to a gun found in Plaintiff's vehicle because it was not relevant to Plaintiff's claims of excessive force. However, this evidence may be introduced if Plaintiff

opens the door to such inquiry.

The motion regarding Plaintiff's use of steroids was DENIED as moot because Defendant does not intend to elicit testimony on this issue.

The Court GRANTED the motion with regard to pictures of items seized in Plaintiff's vehicle as a result of an inventory search because the pictures would be more prejudicial than probative under Fed.R.Evid. 403.

The Court DEFERS ruling with regard to the two categories consisting of unrelated criminal charges or convictions, and the criminal trespass notices. The Court finds that Plaintiff's prior history with Defendant Officers is relevant to the Officers' actions, but the Court requires a clearer idea of this prior history.  To this end, counsel shall contact chambers in advance of trial (to be set at a later date) to arrange for Defendant Officers who will testify at trial to make a proffer to the Court, and may be cross-examined at that time.  Counsel should plan on arranging time for this purpose on the Monday before a Tuesday jury selection.  Following the proffer, the Court will issue a ruling on this motion.  Limiting instructions would be appropriate for the jury's consideration of Plaintiff's prior history which the Court finds is admissible.

**IV.    Defendants' Motion to Exclude Evidence of Other Cases and Claims (Doc. 63)**

The motion was DENIED regarding statements made by Defendant Officers to Ms. Mohr as part of internal affairs ("IA") investigations in that such statements may be used for impeachment, and that limiting instructions would be appropriate.  However, results of the IA investigation are not admissible.

The motion was GRANTED in excluding prior Judgments against Defendant Officers and prior lawsuits because such evidence is  not relevant to claims in this case, and would be more prejudice than probative under Fed.R.Evid. 403.

The motion was also GRANTED in excluding the IA complaint against Defendant Sedler and the resulting reprimand.

**THEREFORE,**

**IT IS ORDERED** that the following motions:

• Defendants' Motion to Exclude Testimony of Melvin Tucker **(Doc. 37)** is hereby GRANTED**;**

• Plaintiff's Motion for Daubert hearing is GRANTED inasmuch as a Daubert hearing was held, but DENIED in its request for the exclusion of Dr. Vilke's testimony **(Doc. 44)**;

• Plaintiff's Consolidated Motion in Limine **(Doc. 43)** is GRANTED in part and DENIED in part as set forth in this Order; and

• Defendants' Motion in Limine to Exclude Evidence of Other Cases and Claims **(Doc. 63)** are hereby GRANTED, DENIED and DEFERRED, as described above in this Order.

_____
UNITED STATES DISTRICT JUDGE